# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**BOBBY JOE JACKSON**                                    PLAINTIFF

       v.       Civil No. 05-5043

**ROBERT ERIC HOLLAND,**
**Detective with the Springdale**
**Police Department; and SID**
**RIEFF, Chief of Police for**
**the Springdale Police**
**Department**                                           DEFENDANTS

## O R D E R

Now on this 15th day of December, 2005, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #20), along with plaintiff's **Objections** thereto (document #21), and the Court, having carefully reviewed both documents, finds and orders as follows:

1. The Court believes that the Report And Recommendation is sound in all respects, and that it should be adopted *in toto*.

2. Plaintiff claims he has newly discovered evidence that the defendants and their witnesses "are all lying to cover up the truth!!!"

The "evidence" to which plaintiff refers is a newspaper article to the effect that defendant Rieff -- then Springdale Chief of Police -- resigned the day before release of a report addressing claims that he discriminated against minority-group officers and military reservists.

The Court declines to consider this article, since it is

nothing more than hearsay and not admissible evidence. Even if the "evidence" were appropriate and admissible, it would not prove that Detective Holland subjected plaintiff to excessive force. Plaintiff's objections in this regard are, therefore, overruled.

3. Plaintiff also objects that, due to prison regulations, he has not been allowed to see the videotape submitted by defendants in support of their motion.

This objection is not well-taken, since the Court has seen the videotape even if plaintiff has not -- and the videotape "speaks for itself," meaning that it shows what it shows whether plaintiff sees it or not.

The Court's viewing of the videotape revealed:

* that it is a videotape, with sound, of the interview between Detective Holland and plaintiff;

* that it shows Detective Holland coming into the interview room and beginning to read Miranda rights to plaintiff;

* that plaintiff becomes upset, objects to the reading of the Miranda rights, and stands up -- whereupon Detective Holland tells him to sit down;

* that plaintiff ignores this direction and remains standing; and

* that Detective Holland walks over to plaintiff (moving off camera for a second or two) and then walks back to his own chair, telling plaintiff that when he is told to sit down, he must

sit down.

In the Court's opinion, there clearly is no evidence on the videotape of excessive force being applied to plaintiff by Detective Holland or anyone else. Moreover, it appears to the Court to be so unlikely that any type of excessive force could have been applied to plaintiff when Detective Holland walked over to him off camera, as to be beyond the realm of reasonable possibility. The "back and forth" movement of Detective Holland out of camera view lasted only a second or two, and the voices and demeanor of both plaintiff and Detective Holland -- before and afterward, and on and off camera -- are totally inconsistent with the notion that plaintiff was subjected to any violence or the infliction of pain or injury.

Plaintiff acknowledges that he was alone in the interview room with Detective Holland -- but contends that he has some five witnesses who will contradict the evidence now before the Court.

In light of the admitted fact that none of plaintiff's suggested witnesses were in the room when the interview took place, the Court concludes that they could not provide any admissible evidence for the Court to consider. Thus, plaintiff has not and cannot come forward with evidence from which a trier of fact could reasonably conclude that excessive force was used against him by Detective Holland. Accordingly, the Court finds no merit in this objection and will overrule it.

**IT IS THEREFORE ORDERED** that plaintiff's **Objections** to the **Report And Recommendation Of The Magistrate Judge** are **overruled**;

**IT IS FURTHER ORDERED** that the said **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge,** defendants' Motion For Summary Judgment is **granted,** and plaintiff's claims are **dismissed.**

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**